26  593
30  277

No. 8036.

ALBERT BOOKSER *v.* THE STATE.

**1.** PRACTICE—EVIDENCE.—Before an accused can be bound by statements inculpating him in the commission of an offense, the prosecution must show that he was present when the statements were made, or with reasonable certainty that he heard them. The proof shows that the appellant and S. and V. were detected in the act of skinning a stolen cow, and that, subsequently, when S. and V. were arrested, they declared that defendant, if anybody, was the thief; but the proof fails to show that the defendant was either present or heard the statement. *Held*, that the statement of S. and V. was erroneously admitted in evidence.

**2.** SAME—CONSPIRACY.—Even if the other proof in the case was sufficient to establish an unconsummated conspiracy between the defendant and S. and V., the statement of the latter as above set forth was not admissible in evidence, because it was in no degree an act in furtherance of the common design.

**3.** CHARGE OF THE COURT ON CIRCUMSTANTIAL EVIDENCE was as follows: "And where, as in this case, circumstantial evidence is relied upon to sustain a conviction, each fact or circumstance necessary to establish the conclusion of guilt must be proved beyond a doubt, and the facts so proved must be consistent with each other and with the guilt of the accused, and when considered together must be so conclusive as to satisfy you beyond a reasonable doubt that the defendant is guilty as charged." *Held*, insufficient to fully state the law upon the subject—for which see Willson's Criminal Forms, 714.

38

APPEAL from the District Court of Tarrant. Tried below before N. A. Stedman, Esq., Special Judge.

The conviction in this case was for the theft of a cow, the property of S. H. Mulkey, and the penalty assessed against the appellant was a term of two years in the penitentiary.

S. H. Mulkey testified, for the State, that, in March, 1882, he lost his certain red half Durham cow, and, acting upon certain information, he went to the butcher shop of E. L. Cunningham, in the city of Fort Worth, where he found the hide of his said cow, the same having been recently removed from the carcass of the said animal. He then went to Cunningham's slaughter pen and found the carcass of his cow, together with the carcass of another cow that he did not know. He positively identified the hide and carcass as the remains of his said cow. That animal was killed without his knowledge or consent.

Albert Prince testified, for the State, that he and one John Switzer, in March, 1882, were in the employ of E. L. Cunningham, a butcher in the city of Fort Worth, Switzer's hours of employment being from six o'clock in the morning until six o'clock in the evening. Louis Voight at that time was in the employ of the defendant, who was also a butcher. The witness and Cunningham went to the latter's slaughter house between nine and ten o'clock one night in March, 1882, for the purpose of preparing sausage for the next day's trade. When they reached a point near the slaughter house they discovered that there was a light inside, an unusual thing at that time of night. Suspecting the presence of unauthorized persons, the witness and Cunningham crept up to the house and peered in at a crack. They discovered the defendant skinning the carcass of Mulkey's cow, Voight chopping on the neck bone of the same carcass, and Switzer holding a light for them to work by. The unskinned carcass of another cow was in the house at the same time. Cunningham then sent witness to town to summon officers. Witness soon got officers Farmer and Harrison, and returned with them in Mickey Mike's hack to the point near the slaughter house where he had left Cunningham. At that point the officers got out of the hack, leaving the witness on the box with the driver, and went to the slaughter house, about eighty yards distant. About the time the officers reached the slaughter house, a man fled from the vicinity of the said house. About the time he got opposite the hack, and about fifty yards distant,

he stumbled and fell, and hastily got on his feet and continued his flight. The witness did not positively identify that man, but took him to be the defendant. Mickey Mike corroborated this winess as to the flight of a man from the slaughter house about the time or just before the officers reached it, but could express no opinion as to who that man was.

Sam Farmer testified, for the State, that upon information furnished him by Albert Prince, he and Stuart Harrison went with Prince to Cunningham's slaughter house one night in March, 1882, to arrest some parties for killing cattle. Mickey Mike's hack, in which they went, was stopped about eighty yards from the slaughter house, and witness and Harrison went to the house to arrest the parties. Witness and Harrison separated at the house to enter it at different points. Just after separating from Harrison, the witness heard a man rush out of the back door of the house and run off towards Mickey Mike's hack. A moment or two later he heard some person in the house exclaim: "Arrest Albert Bookser; he is the guilty man, if any body is to blame." The witness then went into the house and found Switzer and Voight in the custody of Harrison. Witness did not see the party who ran away from the slaughter house, as stated. He did not see the defendant until about two years after that night.

Stuart Harrison testified, for the State, substantially as did Farmer, except that he said nothing about hearing or seeing anybody run from the honse. He did not see the defendant on that night, but, as he stepped into the slaughter house at the front door, and found Switzer and Voight skinning two cows, they exclaimed to him : "Arrest Albert Bookser; if anybody is to blame he is the guilty party." Witness afterwards searched for but did not find defendant, nor did he see the defendant until about two years after that night.

Deputy Sheriff James Thomason testified, for the State, that he arrested the defendant for this offense in the town of Canadian, in the Panhandle, on the seventh day of December, 1887.

*B. G. Johnson,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. Appellant and Switzer and Voight were found in possession of, and were skinning, a stolen cow which was

well known to them.　After discovering these parties in the act of skinning the cow in a slaughter house, the witness left and soon returned with an officer and posse.　When they entered and arrested Switzer and Voight, they (Switzer and Voight) said: "Arrest Albert Bookser; he is the guilty one if anything is wrong."　A witness stated that, as he approached the slaughter house, he heard some one inside the slaughter house say: "Arrest Albert Bookser; he is the guilty one, if anybody is guilty."　As the officers approached the house, a man was seen leaving rapidly, and the circumstances point with great force to appellant as being the man.

But it is a fact that the evidence fails to show with any degree of certainty that appellant was present or heard the remarks of Switzer or Voight.　If not present, or if he did not hear the remarks, he was not bound by them.　The rule being that the accused must be present, or at least it must reasonably appear that he heard the statements of others, before they can be made evidence against him.　This must be shown affirmatively by the prosecution, though it may be done by circumstances.

The Assistant Attorney General contends that a conspiracy is shown and was not consummated, and hence the declarations of Switzer and Voight—co-conspirators—were admissible.　Let us concede, for the argument, the conspiracy and that it was not at an end.　Evidently the exclamation of Switzer and Voight —"Arrest Albert Bookser; he is the guilty party if anything is wrong"—was not in furtherance of the common design; did not aid in the consummation of the conspiracy.　Appellant's objections to this matter should have been sustained.

We are also of opinion that the charge of the court upon the rule applicable to a case of circumstantial evidence is not sufficiently full.　For the correct rule see Willson's Criminal Forms, section 714.

The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*